17-122-ag
Adebola v. Sessions
BIA
Montante, IJ
A076 189 462

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand eighteen.

PRESENT:
>     RALPH K. WINTER,
>     DEBRA ANN LIVINGSTON,
>     DENNY CHIN,
>         *Circuit Judges.*

_____

ABIDEEN ADEBOLA, AKA JAMES PARKER,
>         *Petitioner*,

>     v.                                                      17-122-ag

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>         *Respondent*.

_____

For Petitioner:          Ronald D. Richey, Law Office of Ronald D. Richey, Rockville, Maryland.

For Respondent:          Rebekah Nahas, Jane Tracey Schaffner, *for* Briena L. Strippoli, Office of Immigration Litigation, Chad A. Readler, Civil Division; United States Department of Justice, Washington, District of Columbia.

Petition for review of a December 16, 2016 Board of Immigration Appeals ("BIA") decision dismissing Petitioner's appeal of an October 26, 2015 decision of an Immigration Judge ("IJ") ordering Petitioner's removal and denying adjustment of status.

**UPON DUE CONSIDERATION** of this petition for review of a BIA decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Abideen Adebola, a native and citizen of Nigeria, seeks review of a December 16, 2016 decision of the BIA dismissing Adebola's appeal of an October 26, 2015 decision of an IJ ordering Adebola's removal and denying adjustment of status. *In re Abideen Adebola,* No. A 076 189 462 (B.I.A. Dec. 16, 2016), *aff'g* No. A 076 189 462 (Immig. Ct. Buffalo Oct. 26, 2015). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our jurisdiction to review Adebola's removal order is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(B), (C), (D). To invoke our jurisdiction, such claims must be "colorable." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) ("[W]e lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction."). To determine whether a petitioner raises constitutional challenges or questions of law over which we have jurisdiction, we must "study the argument[] asserted . . . . [and] determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Adebola applied for adjustment of status and requested a waiver of inadmissibility for his convictions in connection with that application. 8 U.S.C. §§ 1255(a), 1182(a)(2)(A)(i)(I), (h).

2

Adjustment of status and a waiver of inadmissibility are both discretionary forms of relief that involve a two-part analysis. First, the agency assesses an applicant's statutory eligibility for adjustment and a waiver; second, the agency determines whether to exercise discretion in the applicant's favor. *See* 8 U.S.C. § 1255(a); *Singh v. Gonzales*, 468 F.3d 135, 138 (2d Cir. 2006). Unlike eligibility, the exercise of discretion is not reviewable absent an error of law, such as when the agency overlooks facts or mischaracterizes evidence. *See Mendez v. Holder*, 566 F.3d 316, 320 (2d Cir. 2009) (explaining that "we lack jurisdiction at the second stage to review the Attorney General's decision to grant or deny relief, made entirely in his discretion"); *id.* at 323. Because the BIA assumed statutory eligibility and affirmed only the IJ's conclusion that Adebola did not merit relief as a matter of discretion, we also assume statutory eligibility and the only decision before us is the wholly discretionary denial of relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir. 2005). In making the ultimate discretionary determination, the agency "must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented on his behalf to determine whether the grant of relief in the exercise of discretion appears to be in the best interests of this country." *Matter of Mendez-Moralez*, 21 I&N Dec. 296, 300 (B.I.A. 1996).

Adebola does not raise a non-frivolous constitutional claim or question of law regarding the agency's determination that, even assuming statutory eligibility, he did not merit adjustment to lawful permanent resident status or a waiver of inadmissibility as a matter of discretion. He argues that the IJ ignored evidence of his positive equities, particularly his family ties and the amount of time that had passed since his convictions. But given the limitation on our jurisdiction, the only relevant inquiry is whether the agency applied the correct legal standard and considered

3

the appropriate factors. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), (D); *Xiao Ji Chen*, 471 F.3d at 329 (noting that a question of law may arise if the agency applies a "legally erroneous standard"). It did. The IJ considered the "letters from friends, family members, and medical professionals" detailing Adebola's rehabilitation as well as medical records and letters from family and friends discussing his wife and children's health, financial stability, and emotional wellbeing. C.A.R. 75. Although Adebola contends that the IJ did not discuss these documents individually or at sufficient length, the record does not "compellingly suggest[]" that the IJ mischaracterized the evidence or ignored any of those documents. *Xiao Ji Chen*, 471 F.3d at 336 n.17 (presuming that the IJ "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *see also Mendez*, 566 F.3d at 323. The agency considered Adebola's positive and negative factors and found that his negative factors (*i.e.*, the gravity of his criminal offenses and lack of rehabilitation) outweighed his positive factors (*i.e.*, the length of time that had passed since his convictions occurred, emotional hardship to his wife and children, and lengthy residence in and family ties to the United States). *See Matter of Mendez-Moralez*, 21 I&N Dec. at 301.

Moreover, Adebola's argument regarding the IJ's hardship determination – that the IJ erred in finding that Adebola had not demonstrated that his family would face extreme hardship in the event of his removal – is misplaced: because the BIA assumed statutory eligibility, the dispositive issue is whether the IJ properly considered hardship to Adebola's family in the exercise of discretion. We discern no error. The IJ thoroughly summarized the testimony of Adebola's wife and children and identified hardships that each would suffer and weighed those factors in making a hardship determination. The fact that the IJ did not reiterate that analysis in making his discretionary determination is not evidence that the IJ ignored the hardships in rendering that ruling. *See Xiao Ji Chen*, 471 F.3d at 336 n.17. Similarly, Adebola's argument regarding the

4

IJ's rehabilitation and national security findings is misdirected: because the BIA assumed statutory eligibility, the dispositive issue is whether the IJ properly considered rehabilitation and the seriousness of Adebola's criminal record as a matter of discretion. The record reflects that the IJ considered Adebola's evidence of rehabilitation, including letters from friends, family members, and medical professionals, but found that he had committed a crime in 2006 after his 2000 convictions and maintained contact with his codefendant from the 2000 offenses. And the IJ found that the seriousness and frequency of Adebola's criminal offenses outweighed his positive equities.

Although Adebola attempts to frame these arguments as questions of law based on overlooked evidence, in essence, he is quarreling over the factual findings and weighing of the hardships and his criminal history, which we lack jurisdiction to review. *See Xiao Ji Chen*, 471 F.3d at 329; *Guyadin v. Gonzales*, 449 F.3d 465, 469 (2d Cir. 2006) ("Because we lack jurisdiction to review any claim that an IJ or the BIA erred in weighing the factors relevant to the grant or denial of adjustment of status, petitioners' claims are dismissed for lack of jurisdiction insofar as they challenge the decision to deny . . . adjustment of status.").

We have considered all of Adebola's remaining arguments and find them to be without merit. For the foregoing reasons, Adebola's petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5